UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| JULIUS T. MOORE, | |
| Plaintiff, | |
| v. | CAUSE NO. 1:20-CV-386-WCL-SLC |
| DAVID GLADIEUX and ALLEN COUNTY COMMISSIONERS, | |
| Defendants. | |

OPINION AND ORDER

Julius T. Moore, a prisoner without a lawyer, filed this lawsuit while detained at the Noble County Jail, complaining about events surrounding an arrest and detention in Fort Wayne, Indiana. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Moore alleges that he was suicidal when arrested, and neither the arresting officers nor anyone else who searched him discovered a loaded firearm tucked in his waistband. He says he possessed the firearm upon arrest, throughout an interview at the Fort Wayne Police Department, and then for four days of his detention in the Allen

County Jail. He is suing for the mental anguish he suffered from being suicidal while in possession of a loaded firearm and for the risk the firearm posed to his health.

In this lawsuit, Moore is suing the David Gladieux (the Allen County Sheriff) and the Allen County Commissioners. In another lawsuit, Moore sues the City of Fort Wayne and the Fort Wayne Police Department based on the same set of facts. *See Moore v. Fort Wayne*, 1:20-cv-385-WCL-SLC (N.D. Ind. filed Nov. 2, 2020). While Moore was at the county jail, it is unclear whether the Fourth Amendment or the Fourteenth Amendment was applicable. The Fourth Amendment applies from the time of arrest until a probable cause hearing before a judge, after which the Fourteenth Amendment applies. *See Pulera v. Sarzant*, 966 F.3d 540, 549 (7th Cir. 2020). The exact source of the constitutional protection, however, does not matter because under either, a plaintiff "must demonstrate that an official's actions were objectively unreasonable under the circumstances." *Id.* at 550 (quotation marks omitted).

Under either standard, Moore has not alleged a cognizable injury to state a claim under § 1983. A necessary element of a constitutional tort is "that the officer's act . . . caused any injury." *Whitlock v. Brueggemann*, 682 F.3d 567, 582 (7th Cir. 2012). "[T]here is no tort—common law, statutory, or constitutional—without an injury, actual or at least probabilistic." *Jackson v. Pollion*, 733 F.3d 786, 790 (7th Cir. 2013). Although Moore alleges that he was suicidal, he did not actually try to kill himself. And the "mental anguish" he says he suffered by having access to a loaded firearm while suicidal does not constitute an injury he can sue for under § 1983. *Cf. Babcock v. White*, 102 F.3d 267,

272 (7th Cir. 1996) ("[I]t is the reasonably preventable assault itself, rather than any fear of assault, that gives rise to a compensable claim under the Eighth Amendment.").

Moreover, even if he had alleged a cognizable injury, Moore has not sued a viable defendant. There is nothing to suggest that the sheriff was the jail officer who personally searched him or that the sheriff had any personal contact with him at the jail. Therefore, the sheriff cannot be held personally liable. *See Burks v. Raemisch,* 555 F.3d 592, 594 (7th Cir. 2009) ("Liability depends on each defendant's knowledge and actions, not on the knowledge or actions of persons they supervise."). Any potential liability, then, would be in his official capacity as the person in charge of the jail. So, too, regarding the Allen County Commissioners, who are presumably sued based on their supervisory authority over the jail. To hold either liable under § 1983, the complaint must plausibly allege Moore's case was part of an unconstitutional pattern or practice attributable to them. *See J.K.J. v. Polk Cnty.*, 960 F.3d 367, 377 (7th Cir. 2020). Nothing suggests this was anything other than an isolated incident.

This complaint does not state a claim for which relief can be granted. Nevertheless, Moore may file an amended complaint if he has additional facts which he believes would state a claim because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to use the court-approved form and should explain in his own words what happened, when it happened, where it happened, who was involved, and how he was personally injured by the events that transpired,

3

providing as much detail as possible. After he properly completes that form addressing the issues raised in this order, he needs to send it to the court.

For these reasons, the court:

(1) DIRECTS the clerk to write this cause number on a blank **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form and send it to Julius T. Moore;

(2) GRANTS Julius T. Moore until **July 23, 2021**, to file an amended complaint; and

(3) CAUTIONS Julius T. Moore if he does not respond by the deadline, this case will be dismissed pursuant to 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on June 21, 2021.

s/William C. Lee  
JUDGE WILLIAM C. LEE  
UNITED STATES DISTRICT COURT